28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abraham H. STEIN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 93-15736.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 10, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abraham Stein, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants and the denial of his motion for reconsideration in his 42 U.S.C. Sec. 1983 action. We review the district court's grant of summary judgment de novo, and the denial of a motion for reconsideration for an abuse of discretion. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989) (summary judgment); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991) (motion for reconsideration). We have jurisdiction pursuant to 42 U.S.C. Sec. 1291. We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. List, 880 F.2d at 1044. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 Liberally construing his complaint, Stein contends that the defendants violated his procedural due process rights by the use of results obtained by ADx drug testing. This contention lacks merit.
 
 
 5
 Stein was randomly selected to submit to a drug test through urinalysis pursuant to prison regulations. Stein tested positive for cannabinoids. However, all disciplinary charges against him were dropped because the specimen was not frozen within forty-eight hours as required. As the district court found, Stein's procedural due process rights were not violated because he was afforded the procedural protections he is guaranteed. See Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Stein received written notice of the charges pending against him, and he was advised of his rights including the right to present witnesses and evidence in his defense. Further, prison officials provided him with a copy of the test results, and attestation by the certified test operator as to the testing conditions and methods. Therefore, the district court did not err in concluding that Stein was not denied procedural due process. See id.
 
 
 6
 Next Stein appears to contend that his substantive due process rights were violated because ADx testing is not reliable and because defendants are not authorized to use this procedure. This contention also lacks merit.
 
 
 7
 As the district court found, pursuant to state statute, the director of the state department of corrections is "responsible for the overall operations and policies." Ariz.Rev.Stat. Sec. 41-1604. The procedures and guidelines for conducting inmate urine collection and testing are outlined in DOC policy No. 301.24. Further, as the district court stated, random drug testing of prisoners is logically related to valid penological interests such as averting criminal acts, ensuring prison security, and promoting rehabilitation. See American Fed'n of Gov't Employees v. Roberts, 9 F.3d 1464, 1467 (9th Cir.1993) (prisons have a strong interest in preventing the use of drugs by prisoners). Therefore, the district court did not err by granting summary judgment for defendants on this claim.
 
 
 8
 Stein also contends that the defendants conspired to violate his constitutional civil rights under 42 U.S.C. Sec. 1985(3). Stein failed to allege a class or race based animus as required by the statute. See Bray v. Alexandria Women's Health Clinic, 113 S.Ct. 753, 758 (1993); 42 U.S.C. Sec. 1985(3). Further, vague and conclusory allegations of civil rights violations. See Taylor, 880 F.2d at 1045. Accordingly, the district court did not err by granting summary judgment on this claim. See Bray, 113 S.Ct. at 758; Taylor, 880 F.2d at 1045.
 
 
 9
 As the district court did not err by granting summary judgment for defendants, the district court's denial of Stein's motion for reconsideration was not an abuse of discretion. See Floyd, 929 F.2d at 1400.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3